```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CORNING INCORPORATED

                              Plaintiff,
                              Counter Defendant
                                                          DECISION AND ORDER

                                                          11-CV-6377

           v.

FREIGHT REVENUE RECOVERY OF MIAMI, INC.

                              Defendant,
                              Counter Claimant.
_____
```

## INTRODUCTION

Plaintiff and counter defendant, Corning Incorporated, ("Corning"), brings this action for, *inter alia*, breach of contract against defendant and counter claimant Freight Revenue Recovery of Miami, Inc. ("FRRM"), alleging that FRRM failed to remit amounts owed to Corning under a Post-Audit Agreement (the "Agreement") entered into by the parties in 2004. The Complaint also alleges that FRRM continued to act as an agent of Corning after Corning amended the Agreement to revoke such authority. FRRM answered the complaint and asserted two counterclaims.

Corning now moves to dismiss FRRM's second counterclaim for defamation, contending that this claim is barred by the applicable statute of limitations. FRRM opposes the motion, contending that the defamation claim is timely pursuant to Civil Practice Law and

Rules ("CPLR") Section 203(d), which states that an otherwise untimely counterclaim is not barred by the applicable statute of limitations where it "arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends."

For the reasons discussed herein, the Court finds that FRRM's counterclaim for defamation did not arise out of the same transaction or occurrence asserted in the complaint. Therefore, FRRM's counterclaim for defamation is hereby dismissed with prejudice.

## BACKGROUND

The Complaint[1] (Docket No. 1) alleges that the parties entered into the Agreement in January 2004. Under the Agreement, FRRM was engaged to conduct post-audit reviews of transportation invoices paid by Corning to determine whether Corning was overcharged by its shippers. The Agreement authorized FRRM to file claims on behalf of Corning to recover any overcharges, and obligated FRRM to remit fifty percent of any monies received from such claims to Corning. FRRM remitted two payments (one in 2004 and one in 2005) to Corning under this Agreement.

Corning alleges that FRRM filed additional claims for overcharges and received payments on such claims, but it failed to

---

[1] For the purpose of this decision, the Court accepts as true all of the factual allegations in the pleadings. Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008).

remit fifty percent of the monies to Corning, as required under the Agreement.  In 2007, Corning wrote a letter to FRRM instructing them to cease and desist acting as Corning's Agent under the Agreement, as it had learned of several instances in which FRRM did not remit the required amounts to Corning.

Corning alleges, in the alternative, that it amended the Agreement in 2004, revoking FRRM's authority to act on its behalf and to access computer databases containing Corning's paid transportation invoices.  FRRM, however, continued to access such databases and to represent to Corning's shippers that it was authorized to act on Corning's behalf.

For its part, FRRM alleges that Corning failed to provide adequate information and cooperate with FRRM, frustrating FRRM's efforts to perform its obligations under the Agreement.  FRRM also alleges that Corning failed to remit commissions and other payments owed to FRRM under the Agreement.  (Docket No. 9 and exhibits.)

In its second counterclaim, which is the subject of this Decision and Order, FRRM alleges that Corning wrote a letter to FRRM's bank, Wachovia, dated March 20, 2008, in which Corning made a statement that it suspected FRRM was engaging in fraudulent banking activity. In the letter, Corning states that FRRM deposited checks into its account at Wachovia which were issued to "Corning c/o Freight Revenue Recovery of Miami," but had not been endorsed by Corning.  The letter does not mention the Agreement, but

identifies several checks that were deposited in this manner and states that "FRRM is not authorized to act as Corning's agent in any regard." The letter requests that Wachovia "refrain from negotiating any similar checks in the future and notify Corning in the event that it receives any such checks."

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") is analyzed under the same standards applicable to motions to dismiss pursuant to Fed. R. Civ. P.12(b)(6). Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Corning moves for judgment on the pleadings on the grounds that FRRM's counterclaim for defamation is barred by the applicable statute of limitations.[2] For the purpose of this motion, FRRM does

---

[2] Corning asserts that the claim is untimely under New York, North Carolina and Florida Law, which require that a claim for defamation be brought within one year (New York and North Carolina) or two years (Florida). See Corning's Mem. of Law in Support of Motion for Judgment on the Pleadings, (Docket No. 18-1), at 3-4. Corning thus raises the issue of choice of law. But, the parties do not disagree that the statute of limitations has expired regardless of which state's law is applied, and they appear to agree that New York Law should be applied to this claim, as both parties ultimately confine their arguments to whether the claim is timely pursuant to CPLR 203(d). Accordingly, for the purpose of this motion, as the parties do not raise arguments to the contrary, the Court will apply New York law.

not contend that its claim for defamation, accruing in 2008, is timely per se, rather, it contends that New York's revival statute, CPLR 203(d), applies to this case, making its defamation claim timely.

Under CPLR 203(d), an otherwise untimely counterclaim will not be barred by the statute of limitations if it "arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends." The circumstances alleged in the counterclaim must not only be related to those alleged in the complaint, or simply the result of the events alleged in the complaint, but there must exist a "common thread" connecting the events. Messinger v. Mount Sinai Med. Ctr., 279 A.D.2d 344 (1st Dept. 2001)(citing Levy v. Kendricks, 170 AD2d 387 (1st Dept. 1991)); see also Estate of Mantle v. Rothgeb. 537 F.Supp.2d 533, 544 (S.D.N.Y. 2008)("New York courts have generally required a tight nexus between claim and counterclaim before section 203(d) will save a counterclaim from an otherwise-applicable statute of limitations.").

Here, the counterclaim is based on a letter sent to Wachovia bank after Corning learned that FRRM allegedly deposited checks issued to "Corning c/o Freight Revenue Recovery of Miami." Corning informed the bank that it believed this practice was fraudulent, because it had not authorized FRRM to act on its behalf. The letter did not refer to the Agreement between the parties and it

did not indicate that the parties had a relationship prior to the checks being deposited. The letter was sent as a result of FRRM's alleged breach of the underlying Agreement. The Court finds that this relationship is too attenuated for CPLR 203(d) to apply. See Messenger, 279 A.D. 2d at 345 (an event which is the result of an event alleged in the complaint not sufficiently related for CPLR 203(d) to apply); see also Estate of Mantle, 537 F.Supp.2d at 545.

Therefore, FRRM's counterclaim for defamation is hereby dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth herein, the Court finds that FRRM's counterclaim for defamation is barred by the applicable statute of limitations. FRRM's second counterclaim is therefore dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       s/ Michael A. Telesca
                                         MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
         May 17, 2012