UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CORNING INCORPORATED,

                        Plaintiff,

            v.

FREIGHT REVENUE RECOVERY OF MIAMI, INC.,

                        Defendant.
_____

11-CV-6377T

**ORDER**

      Plaintiff Corning Incorporated ("Corning") brings this breach of contract action against defendant Freight Revenue Recovery of Miami, Inc., ("FRRM") claiming that the defendant failed to reimburse Corning as agreed in a 2004 Agreement between the parties. Specifically, Corning alleges that in 2004, it entered into an agreement with FRRM pursuant to which FRRM was authorized to collect overcharges that Corning had paid to various freight carriers. The agreement, also provided that defendant was to remit fifty percent of all overcharges that it collected on behalf of Corning. Corning contends that the defendant failed to remit those amounts, and instead kept almost all monies it collected on behalf of Corning.

      Plaintiff now moves for a default judgment against the defendant in the amount of $179,710.09 for its breach of contract claim; $108,755.84 in prejudgment interest (as of July 9, 2013); additional prejudgment interest at the statutory interest rate of nine percent, along with statutory disbursements and costs.

      Plaintiff's motion for default judgment is granted. Although defendant was initially represented by counsel in this action,

counsel for FRRM (with the court's permission) withdrew from this action on May 22, 2013.  FRRM, a corporation which cannot appear <u>pro se</u>, has not appeared via new counsel and has not responded to the plaintiff's motion for Default Judgment.  Based on FRRM's failure to appear in this action after counsel withdrew from representation, the Clerk of the Court issued an Entry of Default against FRRM on June 28, 2013.  Thereafter, plaintiff filed the instant motion for a default judgment.

"The law is clear ... [that a defendant's] failure to appear and the Clerk's subsequent entry of default against it do not automatically entitle plaintiff to a default judgment." <u>Jackson v. Corr. Corp. of Am.</u>, 564 F. Supp. 2.d 22, 26-27 (D.D.C., 2008).  "[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." <u>Descent v. Kolitsidas</u>, 396 F.Supp.2d 1315, 1316 (M.D.Fla., 2005).  In the instant case, I find that plaintiff has stated a claim for relief.  Plaintiff has alleged that it entered into an agreement in 2004 with the defendant whereby the defendant would be authorized to collect reimbursement from freight carriers who overcharged Corning, and that the parties would evenly share in the reimbursements collected by FRRM.  Corning has submitted evidence that FRRM collected $359,420.17 from Corning's freight carriers, but failed to evenly split that recovery with Corning as required by the 2004 Agreement between the parties.  I further find

that plaintiff has established that it is entitled to the amount of damages it seeks.

## CONCLUSION

Accordingly, for the reasons set forth above, I grant plaintiff's motion for default judgment in the amount of $179,710.09 on its breach of contract claim; $108,755.84 in prejudgment interest as of July 9, 2013; additional prejudgment interest at the statutory interest rate of nine percent, and statutory disbursements and costs to be determined by the Clerk of the Court upon plaintiff's application. Moreover, FRRM's counterclaims are dismissed with prejudice for failure to prosecute.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:  Rochester, New York
        February 14, 2014